# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

NED BRUEN,

    Petitioner,

vs.

CRAIG FARWELL, *et al.,*

    Respondents.

3:02-cv-00148-LRH-RAM

ORDER

This is a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. The case is pending before the court for decision on the merits.

## PROCEDURAL HISTORY

Following a bench trial in the Nevada Ninth Judicial District Court, petitioner was convicted of five counts of sexual assault, one count of attempted sexual assault, five counts of lewdness with a minor child under the age of fourteen years, seven counts of possession of child pornography, and one count of use of a minor in child pornography. The district court sentenced petitioner to sentences amounting to life in prison with the possibility of parole, plus ten years.

Petitioner filed a direct appeal from his judgment of conviction. On April 24, 1990, the Nevada Supreme Court issued an order dismissing petitioner's appeal. (Docket #39, Exhibit 115.)

On April 21, 1995, petitioner filed a post-conviction petition for writ of habeas corpus. (Docket #40, Exhibit 121.) After holding an evidentiary hearing, the district court denied the petition. (Docket #40, Exhibit 139.) Petitioner appealed and on March 29, 2000, the Nevada Supreme Court affirmed the district court's denial of the petition. (Docket #40, Exhibit 144.)

This court received petitioner's petition for writ of habeas corpus on March 26, 2002, and ordered the petition filed on May 1, 2002. (Docket #5.) Petitioner filed an amended petition on April 3, 2003. (Docket #17.) Respondents moved to dismiss the petition (Docket #23) and this court denied respondents' motion on March 30, 2004 (Docket #31).

Respondents filed a second motion to dismiss on July 16, 2004. (Docket #34.) The court entered an order on March 28, 2005, granting the motion to dismiss as to ground one. (Docket #47.) The court further found that grounds two and four were not exhausted, and granted petitioner an opportunity to return to state court to exhaust those grounds. *Id*.

On January 25, 2006, petitioner filed another state petition for writ of habeas corpus. (Docket #76, Exhibit 150.) The district court dismissed the petition on May 9, 2006. (Docket #76, Exhibit 156.) Petitioner filed an appeal, and on July 17, 2007, the Nevada Supreme Court affirmed the decision of the district court. (Docket #76, Exhibit 161.)

On October 16, 2007, this court ordered respondents to file a response to grounds two through 4 of the amended petition. (Docket #61.) Respondents filed an answer on February 28, 2008. (Docket #69.) Petitioner filed a traverse on March 12, 2008 (Docket #72.) Respondent filed a corrected index and exhibits on March 28, 2008 (Docket #76), and on June 10, 2008, petitioner filed supplemental authorities (Docket #78).

**LEGAL STANDARDS**

On April 24, 1996, Congress enacted the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), which applies to all petitions for writ of habeas corpus filed after its enactment. *Lindh v. Murphy,* 521 U.S. 320, 117 S.Ct. 2059, 2063 (1997), *cert. denied,* 522 U.S. 1008, 118 S.Ct. 586 (1997); *Jeffries v. Wood*, 114 F.3d 1484, 1499 (9th Cir. 1997) (quoting *Drinkard v. Johnson*, 97 F.3d 751, 769 (5th Cir.1996), *cert. denied,* 520 U.S. 1107, 117 S.Ct. 1114 (1997), *overruled on other grounds by Lindh v. Murphy*, 521 U.S. 320, 117 S.Ct. 2059 (1997) (holding AEDPA only applicable to cases filed after statute's enactment). The instant petition was filed after the enactment of the AEDPA, thus it is governed by its provisions.

This court may entertain a petition for writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the

Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a).

The AEDPA altered the standard of review that a federal habeas court must apply with respect to a state prisoner's claim that was adjudicated on the merits in state court. *Williams v. Taylor*, 120 S.Ct. 1495, 1518-23 (2000). Under the AEDPA, an application for habeas corpus will not be granted unless the adjudication of the claim "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States;" or "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State Court proceeding." 28 U.S.C. § 2254(d); *Lockyer v. Andrade*, 123 S.Ct. 1166, 1173 (2003) (disapproving of the Ninth Circuit's approach in *Van Tran v. Lindsey*, 212 F.3d 1143 (9th Cir. 2000)); *Williams v. Taylor*, 120 S.Ct. 1495, 1523 (2000). "A federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly." *Lockyer*, at 1174 (citations omitted). "Rather, that application must be objectively unreasonable." Id. (citations omitted).

While habeas corpus relief is an important instrument to assure that individuals are constitutionally protected, *Barefoot v. Estelle*, 463 U.S. 880, 887, 103 S.Ct. 3383, 3391-3392 (1983); *Harris v. Nelson*, 394 U.S. 286, 290, 89 S.Ct. 1082, 1086 (1969), direct review of a criminal conviction is the primary method for a petitioner to challenge that conviction. *Brecht v. Abrahamson*, 507 U.S. 619, 633, 113 S.Ct. 1710, 1719 (1993). In addition, the state court's factual determinations must be presumed correct, and the federal court must accept all factual findings made by the state court unless the petitioner can rebut "the presumption of correctness by clear and convincing evidence." 28 U.S.C. § 2254(e)(1); *Purkett v. Elem*, 514 U.S. 765, 115 S.Ct. 1769 (1995); *Thompson v. Keohane*, 516 U.S. 99, 116 S.Ct. 457 (1995); *Langford v. Day*, 110 F.3d 1380, 1388 (9th Cir. 1997).

Exhaustion of state remedies is a prerequisite to a federal court's consideration of a petition for a writ of habeas corpus. 28 U.S.C. §2254(b). The exhaustion doctrine is based on the policy of federal-state comity, and is designed to give state courts the initial opportunity to correct alleged constitutional deprivations. *See Picard v. Conner*, 404 U.S. 270, 275 (1971).

To exhaust a ground for relief, a petitioner must fairly present that ground for relief to the State's highest court, and must give that court the opportunity to address and resolve it. *See Duncan v. Henry*, 513 U.S. 364, 365 (1995)(*per curiam*); *Keeney v. Tamayo-Reyes*, 504 U.S. 1, 10 (1992). The "fair presentation" requirement is satisfied when the claim has been presented to the highest state court by describing the operative facts and the legal theory upon which the federal claim is based. *See Anderson v. Harless*, 459 U.S. 4, 6 (1982); *Batchelor v. Cupp*, 693 F.2d 859, 862 (9th Cir. 1982), *cert. denied*, 463 U.S. 1212 (1983).

**DISCUSSION**

Ground Two

In ground two, petitioner contends that his conviction and sentence are void and invalid, because the charges against him were barred by the applicable statute of limitations. Respondent disputes this contention, arguing that it is procedurally barred.

"Procedural default" refers to the situation where a petitioner in fact presented a claim to the state courts but the state courts disposed of the claim on procedural grounds, instead of on the merits. A federal court will not review a claim for habeas corpus relief if the decision of the state court regarding that claim rested on a state law ground that is independent of the federal question and adequate to support the judgment. *Coleman v. Thompson*, 501 U.S. 722, 730-31 (1991).

> The *Coleman* Court stated the effect of a procedural default, as follows:
> In all cases in which a state prisoner has defaulted his federal claims in state court pursuant to an independent and adequate state procedural rule, federal habeas review of the claims is barred unless the prisoner can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice.

*Coleman*, 501 U.S. at 750; *see also Murray v. Carrier*, 477 U.S. 478, 485 (1986). The procedural default doctrine ensures that the state's interest in correcting its own mistakes is respected in all federal habeas cases. *See Koerner v. Grigas,* 328 F.3d 1039, 1046 (9th Cir. 2003).

To demonstrate cause for a procedural default, the petitioner must be able to "show that some *objective factor external to the defense* impeded" his efforts to comply with the state procedural rule. *Murray*, 477 U.S. at 488 (emphasis added). For cause to exist, the external impediment must have

4

prevented the petitioner from raising the claim. *See McCleskey v. Zant*, 499 U.S. 467, 497 (1991).

> With respect to the prejudice prong of cause and prejudice, the petitioner bears: the burden of showing not merely that the errors [complained of] constituted a possibility of prejudice, but that they worked to his actual and substantial disadvantage, infecting his entire [proceeding] with errors of constitutional dimension.

*White v. Lewis*, 874 F.2d 599, 603 (9th Cir. 1989), *citing United States v. Frady*, 456 U.S. 152, 170 (1982). If the petitioner fails to show cause, the court need not consider whether the petitioner suffered actual prejudice. *Engle v. Isaac*, 456 U.S. 107, 134 n.43 (1982); *Roberts v. Arave*, 847 F.2d 528, 530 n.3 (9th Cir. 1988).

In addition, a petitioner can avoid the application of the procedural default doctrine by demonstrating that the federal court's failure to consider his claims will result in a fundamental miscarriage of justice. To prove a "fundamental miscarriage of justice," petitioner must show that the constitutional error of which he complains "has probably resulted in the conviction of one who is actually innocent." *Bousley v. United States*, 523 U.S. 614, 623 (1998) (citing *Murray v. Carrier*, 477 U.S. at 496).

In dismissing his petition for writ of habeas corpus, the district court cited NRS 34.810(2)(2005), and found that it was required to dismiss the petition because petitioner had not shown good cause for not presenting the claims earlier or for presenting the claims again, actual prejudice if the court did not consider the claims, or that it would cause a fundamental miscarriage of justice if the court did not consider the petition. (Docket #76-4, Exhibit 156.) The Ninth Circuit Court of Appeals has held that, at least in non-capital cases, application of the procedural bar at issue in this case -- NRS 34.810 -- is an independent and adequate state ground.[1] *Vang v. Nevada*, 329

---

[1] NRS 34.810 provides in part as follows:

1. The court shall dismiss a petition if the court determines that:

(a) The petitioner's conviction was upon a plea of guilty or guilty but mentally ill and the petition is not based upon an allegation that the plea was involuntarily or unknowingly entered or that the plea was entered without effective assistance of counsel.

(b) The petitioner's conviction was the result of a trial and the grounds for the petition could have been:

(1) Presented to the trial court;

F.3d 1069, 1073-75 (9th Cir. 2003); *see also Bargas v. Burns*, 179 F.3d 1207, 1210-12 (9th Cir. 1999). The district court noted that petitioner had presented his statute of limitations argument to both the trial court and the Nevada Supreme Court, which rejected it in an unpublished decision. The district court rejected petitioner's argument that two recent Nevada Supreme Court opinions demonstrated that the Nevada Supreme Court's order dismissing his appeal was incorrectly decided. *See State v. Houtz*, 111 Nev. 457, 893 P.2d 335 (1995); *State v. Quinn*, 117 Nev. 709, 20 P.3d 117 (2001).

> On appeal, the Nevada Supreme Court held as follows:
>
> Bruen contends that the district court erred in denying his petition as procedurally barred. Because Bruen's petition was untimely filed and successive, he was required to demonstrate good cause for failing to present his claims earlier and prejudice.
>
> Bruen first argues that the district court erred in dismissing his claim that his convictions were secured in violation of the statute of limitations contained in NRS 171.095(1)(a), which tolls the statute of limitations on certain offenses committed in a secret manner until such offenses are "discovered." Buren asserts that he demonstrated good cause to overcome applicable procedural default rules because this court issued two decisions not reasonably available prior to the time he filed the instant petition. Bruen argued in his petition that this court's decisions in Hout v. State and State v. Quinn rendered the charged offenses time-barred under NRS 171.095(1)(a). [Footnotes omitted.]
>
> We first observe that Houtz and Quinn were decided several years before Bruen filed the instant petition, and he failed to explain his delay in filing his petition. However, even assuming Houtz and Quinn applied retroactively to his case, as Bruen suggests, their holdings did not alter the statute of limitations in Bruen's favor. In Houtz, we concluded that the tolling of the statute of limitations for "secret offenses" should not extend beyond the time when the minor victim reaches 18 yeas of age. Here, the victim revealed the abuse when he was 19 years old and an information was filed thereafter within the relevant statute of limitations period. In Quinn, we held that for purposes of tolling the statute of limitations under NRS 171.095(1)(1), discovery occurs when any person other than the wrongdoer has knowledge of the alleged act and its criminal nature, unless the person with knowledge fails to report for the reasons set forth in Walstrom v. State. This court expressly applied Walstrom

---

(2) Raised in a direct appeal or a prior petition for a writ of habeas corpus or postconviction relief; or

(3) Raised in any other proceeding that the petitioner has taken to secure relief from his conviction and sentence,

unless the court finds both cause for the failure to present the grounds and actual prejudice to the petitioner.

6

> in rejecting Bruen's direct appeal argument that his crimes were not committed in a secret manner. Consequently, Quinn did not change the analysis in Bruen's case. Therefore, we conclude that the district court did not err in dismissing this claim.

(Docket #76, Exhibit 161.)

Petitioner argues that although the Nevada Supreme Court concludes that ground two is procedurally defaulted, its analysis is intertwined with analysis of the merits of the claim. Petitioner claims, therefore, that this court is not procedurally barred from examining the merits of petitioner's claims, citing *McKenna v. McDaniel*, 65 F.3d 1483 (9th Cir. 1995), *cert. denied,* 517 U.S. 1150 (1996). The court rejects this argument, finding that the Nevada Supreme Court's analysis of the procedural default issue is exactly that, and nothing more. The Nevada Supreme Court's references to Houtz, Quinn and Walstrom are made in the context of the procedural default analysis; specifically, the analysis of good cause to overcome the procedural default.

This court has reviewed the record in detail and has carefully considered petitioner's arguments. After doing so, the court concludes that ground two is procedurally barred and that petitioner has not made the requisite showing of cause and prejudice or a miscarriage of justice so as to overcome this bar. Accordingly, the court will not review this claim and will dismiss it as procedurally barred.

Ground Three

In ground three, petitioner contends that his conviction and sentence violated his rights under the Sixth and Fourteenth Amendments to the United States Constitution because his counsel had a financial conflict of interest. Respondent disputes this contention.

Petitioner raised his claim of ineffective assistance of counsel in his post-conviction petition for writ of habeas corpus April 21, 1995. (Docket #40, Exhibit 121.) The district court held an evidentiary hearing and issued findings of fact and conclusions of law, before denying the petition. (Docket #40, Exhibit 139.) Among the district court's findings of fact were the following:

> 4. Defense counsel prepared multiple pretrial motions. Although Petitioner lost these motions, his counsel pursued them through appeal with the Nevada Supreme Court. In its opinion, the Supreme Court narrowly tailored and limited their decision to the facts of this case. Mr. Bruen's greatest possibility of avoiding conviction was at successfully suppressing the evidence at issue in those appeals. The appeals were appropriate legal strategy.

> 5. Defense counsel employed experts to evaluate Petitioner and to educate counsel for purposes of cross-examining the State's expert witness.
>
> 9. Any character evidence presented on Mr. Bruen's behalf would have disintegrated when faced with the "photo album."
>
> 11. Defense counsel discussed options of a bench versus a jury trial well before the trial started. Petitioner was properly canvassed regarding his waiver of a jury trial and did so knowingly, voluntarily and intelligently.
>
> 12. A jury would not have served Petitioner's best interests.
>
> 13. Petitioner's attorney's closing arguments at trial did not prejudice Petitioner.
>
> 14. Petitioner's defense convicts him.
>
> 15. Petitioner is not credible.
>
> 16. The evidence against Petitioner is overwhelming. There is no chance of a better result.
>
> 17. Petitioner was sentenced on October 18, 1988. Petitioner loaned money to his attorney on December 21, 1988.

*Id*. Among the conclusions of law reached by the district court were the following:

> 3. There was no loan from the Defendant to his counsel during the pendency of the trial. Therefore, no conflict of interest existed between Petitioner and his attorney which interfered with his right to counsel as enumerated in the 6th Amendment of the United States Constitution.
>
> 4. [T]he Petitioner does not carry his burden. He was simply not prejudiced by the efforts of his counsel. 477 U.S. 478, at 496, 106 S.Ct. 2639 at 2649.
> Trial counsel for Petitioner was not deficient. Furthermore, multiple counts against Petitioner were dropped due to the efforts of Counsel. Petitioner was in no way prejudiced by the defense presented by his trial counsel.

*Id.*

In affirming the decision of the district court denying ground one of the petition for writ of habeas corpus, the Nevada Supreme Court held in part as follows:

> Finally, Bruen contends that his counsel had a financial conflict of interest. Bruen argues that because he extended his counsel a personal loan of $25,000.00 [footnote 1: Though the loan was for $25,000.00, the promissory note was executed for $27,500.00.] there was a financial conflict of interest between himself and counsel by which he was prejudiced. "An actual conflict of interest which adversely affects a lawyer's performance will result in a presumption of prejudice to the defendant." Clark v. State, 108 Nev. 324, 326, 831 P.2d 1374, 1376 (1992). Whether an actual conflict exists depends on the specific facts of the case. Id. The record is clear that the loan was given, and the promissory note executed on December 21, 1988, at least two months after Bruen was tried, convicted and sentenced, and at least one month after the judgment of conviction was filed on November 16, 1988. Therefore, we conclude that there was no actual conflict by which Bruen was prejudiced.

Docket #40, Exhibit 144.

Petitioner now contends that the Nevada courts overlooked his right to effective assistance of counsel on appeal, as opposed to at trial. Petitioner claims that a conflict of interest existed between he and his appellate counsel (who also served as his trial counsel), relying on the fact that his counsel was suspended by the California Bar because he did not advise petitioner or his sister of their right to independent counsel before counsel procured the loan from them.[2] Petitioner further claims that this conflict existed throughout virtually all of the entire appellate proceedings, and was not revealed to either the trial court or the Nevada Supreme Court prior to the time that the direct appeal was decided. Finally, petitioner claims that he suffered actual prejudice in his appeal as a result of this conflict of interest.

This is not the argument that petitioner made to the district court, whose decision was subsequently reviewed by the Nevada Supreme Court. In his petition for writ of habeas corpus filed in district court on April 21, 1995, petitioner expressly stated on page 3, lines 16 - 17, that "[t]his petition addresses the conduct and advice of Petitioner's trial counsel." Exhibit 121, p. 3. In his petition filed with the district court, petitioner itemized 12 areas in which counsel were ineffective, ten of which are expressly related to trial. *Id*. at 7 - 12. In the 12th area, petitioner claims that counsel lied to petitioner and his family about having filed a federal challenge to the Nevada Supreme Court's ruling upholding the district court's denial of his pretrial motion based on a Fourth Amendment claim. This claim has no application to petitioner's present claim of ineffective assistance of appellate counsel. Finally, the 11th area, although entitled, "K. Conflict of Interest between Petitioner and his lawyer," makes no mention of the right to effective assistance of counsel on direct appeal.

Based on the this court's careful review of the record and lengthy consideration of petitioner's arguments, the court concludes that ground three is unexhausted. Exhaustion of state

---

[2]Petitioner argues that although counsel was suspended pursuant to California's Code of Professional Conduct, Nevada Supreme Court Rule 158 has the same provision limiting an attorney's ability to enter into a business transaction with a client.

9

remedies is a prerequisite to a federal court's consideration of a petition for a writ of habeas corpus. 28 U.S.C. §2254(b).

Ground Four

In ground four, petitioner contends that his conviction of sexual assault and attempted sexual assault violated his rights under the Fifth, Sixth and Fourteenth Amendments to the United States Constitution. Specifically, petitioner claims that the crime of sexual assault under Nevada law requires an act against the will of the victim, and that there was no evidence presented at trial that petitioner sexually penetrated the victim against the will of the victim. Petitioner states that this claim was not raised before the Nevada Supreme Court, but argues that is a claim of actual innocence to Counts XI-XVI. Petitioner further argues that he is therefore entitled to pass through the actual innocence "gateway" pursuant to *Schlup v. Delo*, 4513 U.S. 298, 314-316 (1995).

The district court rejected petitioner's contention as follows:

> Bruen's second ground for relief in the instant Petition is one of actual innocence. Bruen asserts that there was no evidence that he committed any penetrations against the victim's will, and thus, there was insufficient evidence to convict him of the crime of sexual assault. This claim could have been raised on direct appeal or in an earlier habeas petition, therefore, pursuant to NRS 34.810(3) Bruen must show good cause for not presenting the claim and actual prejudice. Based on the entire record in this case, the Court cannot conclude that Bruen has established good cause and actual prejudice for failing to raise the issue in an earlier proceeding, and thus, the instant Petition is procedurally barred. Morever, even if Bruen's Petition was not procedurally barred, the Court concludes that his claim is belied by the record because there was ample evidence that established, beyond a reasonable doubt, Bruen's [sic] committed the offense against the victim's will. Thus, Bruen's second ground for relief would be dismissed even if it were not procedurally barred. Based on the foregoing, the Court concludes that Bruen's Petition does not warrant an evidentiary hearing and must be dismissed.

Docket #76-4, Exhibit 156.

The Nevada Supreme Court affirmed the judgment of the district court, holding as follows:

> Bruen next asserts that the district court erred in dismissing his claim that his appellate counsel was ineffective for failing to challenge the sufficiency of the evidence supporting the sexual assault and attempted sexual assault offenses because the evidence failed to establish that any penetration occurred and that the relevant sexual acts were committed against the victim's will. [Footnote omitted.] Bruen did not explain his delay in failing to raise the claim previously or demonstrate prejudice. In particular, we note that the evidence establishing Bruen's guilt respecting these

offenses was overwhelming. A challenge to the sufficiency of the evidence in this case had no reasonable probability of success on appeal. [Footnote omitted.] Accordingly, we conclude that the district court did not err in dismissing this claim. [Footnote 12.]

Footnote 12: To the extent Bruen argues that the district court erred in dismissing his claim that the evidence was insufficient to support his convictions for sexual assault and attempted sexual assault, this claim was appropriate for direct appeal. See NRS 34.810(1)(b)(2). Bruen asserted that he overcame the applicable procedural bars because he is actually innocent of these offenses. We disagree and conclude that the district court did not err in dismissing this claim.

Exhibit 161.

As with ground two, the court has carefully review petitioner's arguments and the record. After doing so, the court concludes that ground four is procedurally barred and that petitioner has not made the requisite showing of cause and prejudice or a miscarriage of justice so as to overcome this bar. Accordingly, the court will not review this claim and will dismiss it as procedurally barred.

**CONCLUSION**

As set forth above, the court finds that grounds two and four are procedurally barred and must be dismissed. The sole remaining ground for relief, ground three, is unexhausted. Thus, upon the dismissal of grounds two and four, the petition contains no exhausted claims. At this point, the court lacks jurisdiction and is obliged to dismiss the federal petition immediately. *See*, *Jiminez v. Rice,* 276 F.3d 478, 481 (9th Cir.2001), *cert. denied*, 538 U.S. 949 (2003).

**IT IS THEREFORE ORDERED** that grounds two and four are **DISMISSED** as procedurally barred.

**IT IS FURTHER ORDERED** that petition is **DISMISSED** as containing only one unexhausted claim. The clerk is directed to close this case and enter judgment for respondents.

DATED this 28th day of August, 2009.

_____
LARRY R. HICKS
UNITED STATES DISTRICT JUDGE